**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KEVIN D. WASHINGTON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v.   ) | Case No. 09-CV-0104-CVE-FHM |
| ) | |
| **MIKE MULLIN, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 6). Petitioner, a state inmate represented by counsel, filed a response (Dkt. # 10) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss should be granted in part and denied in part: Petitioner's first proposition of error challenging the validity of his guilty pleas is time-barred and shall be dismissed with prejudice; his second proposition of error, while not time-barred, is not cognizable on habeas corpus review and shall be denied.

*BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2004-1944. See Dkt. # 2. The docket sheet provided by Respondent reflects that on August 27, 2004, the state district court found Petitioner guilty after accepting his pleas of guilty to Assault and Battery With a Dangerous Weapon (Count 1), First Degree Burglary (Count 2), Attempted First Degree Burglary (Count 3), and Stalking (Count 4). See Dkt. # 7, Ex. 1. He was sentenced to ten (10) years imprisonment on each of Counts 1, 2, and 3, and to five (5) years imprisonment on Count 4, all to be served concurrently. Id. Petitioner did not file a motion to withdraw his pleas and did

not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id. On March 10, 2005, Petitioner filed a motion for judicial review. Id. The state district court denied the motion on August 16, 2005. Id.

On November 1, 2007, Petitioner filed an application for post-conviction relief seeking an appeal out of time. Id. The state district court denied the application by order filed November 29, 2007. Id. Petitioner appealed to the OCCA, and by order filed March 7, 2008, in Case No. PC-2007-1229, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 7, Ex. 2.

Petitioner commenced this habeas corpus action on February 27, 2009. See Dkt. # 2. In ground one of his petition, Petitioner asserts that neither the trial court nor his attorney explained the effect of the "85% Rule"[1] on service of his sentences. See Dkt. # 2. As a result, Petitioner claims that his pleas of guilty were not knowingly and voluntarily entered. Id. In ground two, Petitioner claims that the OCCA erred in finding that he had failed to demonstrate that he had been denied an appeal through no fault of his own and in affirming the denial of his application for post-conviction relief. Id. In response to the petition, Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. # 6.

---

[1] Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla. Stat. tit. 21, § 13.1, on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.1.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

**A.   Claim related to Oklahoma's Post-Conviction Procedures Act is not time-barred**

In ground two of his petition, Petitioner challenges post-conviction rulings by the state courts. That claim is timely under § 2244(d)(1)(D) because Petitioner did not know the "factual predicate" of the claim, i.e., that he was denied an appeal out of time and that his application for post-conviction relief was denied, until the OCCA entered its order on March 7, 2008. Petitioner

3

filed his habeas petition on February 27, 2009, or within one (1) year of that ruling. Therefore, ground two of the petition is timely.

Nonetheless, Petitioner is not entitled to habeas corpus relief on his ground two claim because it does not involve federal law and, for that reason, is not cognizable on federal habeas corpus review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). No constitutional provision requires a state to grant post-conviction review. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). The question of whether Petitioner should have been granted an appeal out of time does not involve constitutional concerns and is not cognizable in a federal habeas proceeding. Because the issue raised by Petitioner in ground two focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, that ground states no cognizable federal habeas claim. Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998). Petitioner's request for habeas corpus relief on ground two shall be denied.

**B. Claim challenging validity of guilty pleas is time-barred**

As his first proposition of error, Petitioner asserts that because no one explained the effect of the 85% Rule when he entered his guilty pleas, his pleas were not voluntarily entered. Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner raised this claim after expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his pleas of guilty in Case No. CF-2004-1944, his convictions became final ten (10) days after

pronouncement of his Judgment and Sentence, or on September 7, 2004.[2] See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions, including the claim raised in ground one of the instant petition, began to run on September 7, 2004. Absent a tolling event, a federal petition for writ of habeas corpus filed after September 7, 2005, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period. The application for judicial review was filed on March 10, 2005, or before the limitations deadline. It was not, however, a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed.Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished).

---

[2]The tenth day after pronouncement of Petitioner's Judgment and Sentence was Monday, September 6, 2004. That was Labor Day, a holiday. As a result, Petitioner had until Tuesday, September 7, 2004, to file a motion to withdraw his guilty pleas.

Petitioner's application for post-conviction relief was not filed until November 1, 2007, or more than two (2) years after the September 7, 2005, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on February 27, 2009, appears to be untimely.

Petitioner filed a response (Dkt. # 10) to the motion to dismiss, claiming that because there is no evidence demonstrating when he actually learned that under the 85% Rule, he would be required to serve 85% of his sentence before becoming eligible for parole, this Court should assume that he acquired that knowledge shortly before he filed his application for post-conviction relief on November 1, 2007. He also makes a conclusory and unsupported statement that his limited access to legal materials resulted in the delay in filing his habeas corpus petition. He also alleges that application of the one-year limitations period under the facts of this case violates the Suspension Clause of the United States Constitution. See Dkt. # 10.

Petitioner has failed to convince the Court that his one-year limitations period began to run under 28 U.S.C. § 2244(d)(1)(D). Under that subsection, the one-year period may begin to run on "the date on which the factual predicate of the claim . . . presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). Petitioner fails to advise the Court of the date when he became aware of the factual predicate of his claim. Although he does not provide a date certain for when he learned that he would be required to serve 85% of his sentence before becoming eligible for parole consideration, the Oklahoma Department of Corrections Case Management policies require case managers to develop individualized

6

accountability plans using an "Adjustment Review" form. See OP-060101, viewed at www.doc.state.ok.us. The form contains information concerning an inmate's sentence, including whether it falls under the 85% Rule. See DOC 060203A. Thus, Petitioner became aware, or could have become aware through the exercise of due diligence, that his sentence fell under the 85% Rule when he met with his case manager to review the "Adjustment Review" form, shortly after he was received into DOC custody in September 2004. Therefore, Petitioner's one-year period began to run under § 2244(d)(1)(D) in September 2004, when he could have become aware of the factual predicate of his claim. His petition, filed more than four (4) years later, on February 27, 2009, is time-barred under § 2244(d)(1)(D).

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's vague and conclusory statement concerning his lack of access

to legal materials is insufficient to demonstrate entitlement to equitable tolling. Miller, 141 F.3d at 978. Therefore, the Court finds Petitioner is not entitled to equitable tolling.

Lastly, the Court rejects Petitioner's contention that application of the one-year limitations period, under these circumstances, violates the Suspension Clause. In Miller, 141 F.3d at 976-978, the Tenth Circuit noted that "[w]hether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." Id. at 977 (quoting Swain v. Pressley, 430 U.S. 372, 381 (1977)). The habeas petitioner bears the burden of demonstrating inadequacy and ineffectiveness. Id. Under the facts of this case, application of the one-year limitations period does not violate the Suspension Clause. See Fisher, 262 F.3d at 1145; Moton v. Utah, 28 Fed.Appx. 854 (10th Cir. 2001) (unpublished) (stating that "the limitations period, which is not jurisdictional, does not prohibit habeas petitions but simply requires that they be filed within a reasonable time").

The Court concludes that Petitioner's first ground of error, challenging the validity of his guilty pleas, is time-barred. Respondent's motion to dismiss shall be granted as to ground one and that claim shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 6) is **granted in part** and **denied in part**, as outlined above;
2. Ground one of the petition is time-barred and is **dismissed with prejudice**;
3. Ground two of the petition is not time-barred, but is not cognizable on federal habeas corpus review and is **denied**;

4. This Opinion and Order disposes of all of the claims raised in the petition (Dkt. # 2); and

5. A separate Judgment shall be entered in this case.

**DATED** this 3rd day of December, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT